In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00179-CV

_____

IN RE CHAD DAVIS

Original Proceeding

MEMORANDUM OPINION

This mandamus proceeding concerns the denial of a motion to compel production of documents. Chad Davis requested production of bank records and other documents relating to a real estate transaction between Davis and the real parties in interest, William R. McLarrin and Linda K. McLarrin, and to a separate real estate transaction between the McLarrins and Davis's former girlfriend. In his motion to compel, Davis argued that the McLarrins waived any objections to production by failing to timely respond. *See* Tex. R. Civ. P. 193.2(e) ("An objection that is not made within the time required . . . is waived unless the court excuses the waiver for good cause shown."). In response, the McLarrins argued

that correspondence from their former counsel stated their objection within thirty days of the request. *See* Tex. R. Civ. P. 193.2(a). During the hearing on the motion to compel, their counsel described the documents produced in response to earlier requests, and argued that the requests were unreasonably cumulative or duplicative. *See* Tex. R. Civ. P. 192.4. Davis's counsel argued that the McLarrins' previous responses had not included records for their transaction with Davis's former girlfriend. The McLarrins' mandamus response includes several hundred pages of previously produced discovery.

Rule 192.4 describes the trial court's discretion to limit discovery, as follows:

> The discovery methods permitted by these rules should be limited by the court if it determines, on motion or on its own initiative and on reasonable notice, that:
> (a) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or
> (b) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Tex. R. Civ. P. 192.4.

After reviewing the mandamus record, we conclude that the relator has not shown an abuse of discretion by the trial court. *See In re Prudential Ins. Co. of*

*Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on April 29, 2013
Opinion Delivered May 16, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.